

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2007

# Elienist v. Sherman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2861

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Elienist v. Sherman" (2007). *2007 Decisions.* Paper 255.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/255

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-8                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2861
_____

WILLIAM ELIENIST,
                                        Appellant

v.

JAMES SHERMAN, WARDEN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-CV-00059)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2007
Before:  MCKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 6, 2007)
_____

OPINION
_____

PER CURIAM

        William Elienist appeals from an order of the United States District Court for the

Western District of Pennsylvania, denying his petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2241, and an order denying his motion for reconsideration.

Because no substantial question is presented by the appeal, we will grant Appellee's

Motion for Summary Action and will affirm the District Court's order.

Elienist, a citizen of the Bahamas, is serving a prison sentence for his drug and counterfeit currency convictions. Elienist filed a § 2241 petition, arguing that he had been improperly designated by the Bureau of Prisons (BOP) as a "deportable alien," which prevented his transfer to a prison closer to his family in Florida.

The BOP uses a Security Designation and Custody Classification Manual to aid in determining inmate placements in federal facilities. The Manual lists nine Public Safety Factors (PSF) to be applied to inmates who are not appropriate for minimum security placements. One of the PSFs is the designation "Deportable Alien." At the time of the decision Elienist complained of, such a designation was to be applied to an inmate who is a citizen of a foreign country unless he met each of three criteria. One criterium was that the inmate document or independently verify a history of stable employment for at least the three years immediately prior to incarceration; the other two required a verified history of five or more consecutive years of U.S. domicile and strong family ties. Program Statement (PS) 5100.07 (effective Sept. 3, 1999-Sept. 12, 2006).

Before filing his § 2241 petition, Elienist pursued internal prison remedies. In the Warden's response to his "Inmate Request to Staff Member," Elienist was informed of the three criteria of PS 5100.07, and was advised to address the issue with his "Unit Team," which would be responsible for requesting a waiver of the PSF. The response indicated that Elienist should provide his Unit Team with adequate verification of the three criteria. Elienist appealed the response, and the Regional Director affirmed, noting

2

that Elienist was "pending participation in the immigration hearing process," and that his "deportation status ha[d] not yet been determined." The Regional Director informed Elienist that he could submit a transfer request if his status changed. Elienist appealed to the Administrator of National Inmate Appeals, who found that the "Warden and the Regional Director adequately responded to the issue you raised in your appeal," and that the designation of "Deportable Alien" was appropriate.

Elienist's § 2241 petition claimed that the BOP was not following its regulations. In its response, the respondent noted that Elienist's presentence investigation report showed that he had not had stable employment for the three years prior to his incarceration, and that he thus did not meet one of the criteria that would allow him to avoid the "deportable alien" designation. In her Report and Recommendation (R&R), the Magistrate Judge noted that Elienist had not satisfied the three criteria, and stated that the BOP therefore had correctly designated Elienist as a "deportable alien." The District Court, after considering Elienist's objections and the respondent's response thereto adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court.

Elienist filed a motion for reconsideration, arguing that the Court had not considered the "special circumstance" (mentioned in his objections to the R&R) that he was a juvenile for a portion of the three years before his incarceration, and thus could not have been expected (or even allowed) to have full-time employment. The District Court denied the motion for reconsideration, noting that it had already considered Elienist's special circumstance argument, and finding that his argument was moot. For the reasons

3

that follow, we agree that Elienist's claims, which challenge PS 5100.07, are moot.

In its response to Petitioner's Objections to the Magistrate Judge's R&R, the Warden noted that since the time the § 2241 petition was filed, PS 5100.08 was issued, superceding PS 5100.07. PS 5100.08 eliminates the three criteria mentioned in PS 5100.07. Elienist's custody classification was reviewed on October 3, 2006, using the new Program Statement. The PSF of "deportable alien" was still found to be appropriate under the new Program Statement. Thus, Elienist's challenge to the criteria of 5100.07 is moot. Any challenge to the October 3, 2006 decision would have to be brought in a new petition, after exhausting administrative remedies.

For the foregoing reasons, we will affirm the District Court's order.